UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE A. MCLACHLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 09-cv-609 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Catherine A. McLachlan, brings this action as a challenge to the Commissioner of Social Security Administration ("SSA") Michael J. Astrue's final decision denying her claim for SSI disability benefits. Presently before the Court is the Commissioner's Motion to Dismiss McLachlan's Third Amended Complaint for lack of subject-matter jurisdiction. For the reasons stated below, the Motion is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the allegations in McLachlan's Third Amended Complaint and are taken as true for purposes of resolving this Motion to Dismiss. McLachlan applied for Supplemental Security Income ("SSI") benefits on August 18, 1998, alleging that she became disabled as a result of injuries sustained in 1995. The 1998 application was denied initially and upon reconsideration. McLachlan appealed the decision, and it was denied by the Administrative Law Judge ("ALJ") on March 22, 2000. McLachlan was represented by counsel at the hearing. McLachlan timely appealed this denial to the Appeals Council on May 18, 2000. On

July 27, 2002, the Appeals Council denied her request for review and adopted the ALJ's March 22, 2000 decision as the final decision on the 1998 application. McLachlan did not seek judicial review.

On March 9, 2005, McLachlan again applied for SSI. The application was denied initially and upon reconsideration. McLachlan timely sought review of this decision by requesting a hearing before an ALJ. On April 10, 2008, the ALJ held a hearing on McLachlan's 2005 application. This time, McLachlan was not represented by counsel. At the 2008 hearing, the ALJ questioned McLachlan directly with respect to the onset of her disability and her work history since 1995. The ALJ found that McLachlan suffered from disorders of the back, fibromyalgia, and a history of reflect sympathy disorder and that the effect of these severe impairments was to prevent her from sustaining work activity. The ALJ specifically noted McLachlan's testimony that she had fallen in 1995 and injured her back, left shoulder, knee and ankle and also relied on medical evidence relating to the period prior to May 2002.

On April 18, 2008, the ALJ granted McLachlan's 2005 application for SSI benefits but specifically declined to reopen McLachlan's 1998 application, stating:

> The determination on the claimant's prior Title XVI application is not being reopened and revised because the current application was not filed within 2 years from the date of the notice of the initial determination on the prior application (20 CFR 416.188 *et seq.*). Additionally, the provisions of Social Security Ruling 91-5p were considered and do not apply. Accordingly, the previous determination is final and binding.

(Ex. A to Mot. to Dismiss.) Thus, McLachlan was only entitled to benefits based on the date of her 2005 application.

McLachlan timely sought review of the ALJ's 2008 decision by filing an appeal with the Appeals Council. On November 25, 2008, the Appeals Council affirmed the ALJ's April 18 decision. McLachlan timely sought review in this Court. The decision on McLachlan's 2005 application was favorable to McLachlan, and she appeals only the ALJ's decision not to reopen proceedings for her 1998 application.

## LEGAL STANDARD

In deciding a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the petitioner. *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003). The court may look beyond the complaint to pertinent evidence submitted by the parties. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff faced with a properly supported 12(b)(1) motion to dismiss bears the burden of proving that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir.1987). Consideration of evidence outside of the pleadings will not convert the motion attacking federal jurisdiction into one for summary judgment. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

District courts have jurisdiction to review final decisions of the SSA made after a hearing. 42 U.S.C. § 405(g). A decision not to reopen a previous determination, however, is not a final decision and, thus, not within the district court's jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) (*Califano*). The Supreme Court

3

explained the policy as one designed to prevent repetitive or belated litigation of stale claims:

> [A]n interpretation that would allow a claimant judicial review simply by filing – and being denied – a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Id.* at 108 (internal citations omitted). However, a district court can review a decision not to reopen a proceeding in "those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds. *Id.* at 109.

A district court also may review a decision not to reopen if the ALJ nonetheless reconsidered an otherwise final determination "on the merits to any extent and at any administrative level." *McGowan v. Harris*, 666 F.2d 60, 65 (4th Cir.1981) (*McGowan*); *see also Johnson v. Sullivan*, 936 F.2d 974 (7th Cir. 1991) (acknowledging authority for theory of constructive reopening).

## ANALYSIS

McLachlan asserts that this Court has jurisdiction based on both exceptions to the general rule that denials of requests to reopen cannot be reviewed: (1) she claims the ALJ denied her constitutional right to due process by failing to provide notice that he would consider evidence of mental capacity in deciding whether to reopen her initial application; and (2) she claims the ALJ constructively reopened the June 27, 2002 decision of the Appeals Council by considering evidence that predated that decision. Both arguments rely on an incorrect reading of the relevant SSA regulations.

4

An otherwise final determination regarding SSI benefits may only be reopened under certain conditions. 20 C.F.R. § 416.1487. First, the claimant may request that a decision be reopened within twelve months of notice of the initial determination for any reason. 20 C.F.R. § 416.1488(a). Second, the determination can be reopened within two years for "good cause," which can only be established by (1) furnishing new and material evidence, (2) demonstrating a clerical error, or (3) offering evidence in the record that "clearly shows on its face that an error was made." 20 C.F.R. §§ 416.1488(b), 416.1489(a). Third, a determination can be reopened at any time if it was obtained by "fraud or similar fault." 20 C.F.R. § 416.1488(c). In determining whether a determination was obtained by fraud or similar fault, the SSA will take into account any physical, mental, educational, or linguistic limitations the claimant may have had at the time. *Id.*

Since more than two years had elapsed since the denial of McLachlan's initial claim, the ALJ had no authority to reopen the 1998 application unless McLachlan alleged "fraud or similar fault." Although "similar fault" is not defined in the regulations, the SSA has indicated that the definition tracks that provided in the Social Security Act at 42 U.S.C. § 405(u)(2) – similar fault is present when an individual either "knowingly makes an incorrect or incomplete statement" or "knowingly conceals information" that is material to the determination. *See* SSA Office of Disability Adjudication and Review Hearings, Appeals and Litigation Law Manual ("HALLEX") I-2-9-65. Fraud or "similar fault" thus requires a showing that someone knowingly did something wrong. *Wyatt v. Barnhart*, 349 F.3d 983, 985 (7th Cir. 2003); *see also Holloway v. Schweiker*, 724 F.2d

5

1102, 1105 (4th Cir. 1984) (*Holloway*) ("'[S]imilar fault' means a fault analogous to fraud on the part of the agency."); *Parker v. Heckler*, 626 F. Supp. 188, 190 (W.D. Tenn. 1985) (holding that "similar fault" refers to fault such as fraud being perpetrated on the SSA by a party and does not encompass mistakes by the applicant).

McLachlan glosses over the "fraud or similar fault" language and relies exclusively on the fact that mental limitations are considered in whether "fraud or similar fault" exists. But the fact that mental limitations are relevant to determining whether similar fault exists does not render a vague claim of mental limitation equivalent to a claim of fraud. More logically, a claimant's mental capacities are considered for the purpose of determining if any material misrepresentations were made "knowingly" by the claimant.

McLachlan also relies heavily on the ALJ's reference to Social Security Ruling ("SSR") 91-5p, which provides, in part:

> When the claimant fails to timely request reconsideration, an ALJ hearing, Appeals Council review, or review by a Federal district court, . . . the Agency applies the criteria in section 404.911 or section 416.1411, as appropriate, in determining whether good cause for missing the deadline exists. . . . If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline ***to request review of that action.***

SSR 91-5p (emphasis added). Section 416.1411 (cited in the above paragraph) provides the criteria used to determine whether good cause exists for missing a deadline. One of those criteria is whether the claimant "had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented

6

[her] from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 416.1411(a).

By its plain terms, SSR 91-5p only addresses what constitutes good cause for extending a deadline for *review* of an adverse decision; it does not establish good cause to *reopen* a final decision. The SSA's policy manual further clarifies the more limited applicability of SSR 91-5p:

> The circumstance described in SSR 91-5p is not a basis for finding good cause to reopen under section 404.989(a) or 416.1489(a). . . . [T]he appropriate action for an adjudicator in a case in which a claimant requests reopening in the circumstance described in SSR 91-5p is to treat the request as a request for an extension of time to file a request for reconsideration, a hearing before an ALJ, or Appeals Council review of an ALJ's dismissal of a hearing request, and consider whether the claimant had good cause for missing the deadline to request review . . . for purposes of determining whether to grant the request for an extension of time. . . . ***By contrast, as explained in HALLEX I-29-40 A. above, a determination or decision may be reopened based on good cause only within the four-year period (Title II) or two-year period (Title XVI) specified in section 404.988(b) or 416.1488(b).***

HALLEX I-2-9-40 B, Note (emphasis added) (citations omitted).

Thus, a showing of good cause under SSR 91-5p is only useful insofar as a claimant seeks to extend a deadline. McLachlan has not sought such an extension. Indeed, with the exception of seeking judicial review in this Court, McLachlan met all deadlines and took advantage of every step of the administrative-review process.[1]

---

[1] If McLachlan can show good cause for an extension of time to seek judicial review of the final decision regarding her 1998 Application, that request can be made at any time:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within

7

Contrary to McLachlan's assertions, SSR 91-5p is not a separate basis for reopening any proceeding at any time for any purpose so long as a mental impairment is alleged. Nor do the cases she cites indicate otherwise.

In *Byam v. Barnhart*, 336 F.3d 172, 175 (2d Cir. 2003) (*Byam*), an ALJ awarded the plaintiff SSI benefits for the fourth out of four applications but refused to reopen the first three applications for which the plaintiff had failed to request a hearing. The plaintiff had specifically requested a reopening of the previous applications based on alleged mental impairments that prevented her from following through on the appeals process. *Id.* at 178. The district court held that it lacked subject-matter jurisdiction, and the plaintiff appealed. *Id.* at 175. Based on the plaintiff's allegations as to why he did not timely request hearings on his first three applications, the Second Circuit held that the ALJ should have inquired into whether a mental incapacity prevented the plaintiff from doing things herself in accordance with SSR 91-5p.

Similarly, in *Zied v. Astrue*, No. 3:06-CV-1219, 2008 WL 2456905, *1 (M.D. Pa. June 13, 2008) (*Zied*), the plaintiff's application was denied initially and on reconsideration, and the plaintiff did not request a hearing. More than four years later, the plaintiff sought to have an earlier application reopened on the grounds that she subsequently lost the mental capacity to understand her appeal rights. *Id.* at *2. The case was remanded, in part, because the ALJ denied the request to reopen without reference to

---

       the stated time period. The request must be filed with the Appeals Council,
       or if it concerns an expedited appeals process agreement, with one of our
       offices. If you show that you had good cause for missing the deadline, the
       time period will be extended.

20 C.F.R. § 416.1482.

a particular medical opinion stating that the plaintiff was mentally incapable of filing for a hearing. *Id.* at *3.

Thus, both cases involved allegations that a mental incapacity prevented the claimant from taking a step in the administrative-review process. McLachlan makes no such allegations, and neither *Byam* nor *Zied* stand for the proposition that a plaintiff can allege mental capacity as a basis for reopening a final decision for reconsideration on the merits. The only basis for reopening available to McLachlan would be "fraud or similar fault," which has not been alleged.

### *Due Process*

McLachlan contends that the notices for her April 10, 2008 hearing failed to inform her that her request to reopen would be considered at the hearing or that she would be expected to present evidence directed at the factors discussed in SSR 91-5p. McLachlan alleges she would have presented relevant evidence of her mental capacity and that the lack of notice deprived her of due process.

She relies on *Giacone v. Schweiker*, 656 F.2d 1238, 1243-44 (7th Cir. 1981), which held that an ALJ's failure to inform an applicant that good cause for his tardy request for reconsideration was at issue deprived the applicant of due process. But that case is easily distinguishable. After the plaintiff's initial claim was denied, he took the letter of denial to his local Social Security office and was told that someone would investigate. *Id.* at 1240. He returned on six separate occasions and was met with various excuses as to why no action had been taken. *Id.* He eventually filed a request for reconsideration, but it was denied as untimely. *Id.* He then requested a hearing. *Id.* at

9

1241. Because a reconsideration decision is a prerequisite for a hearing, the ALJ treated the request as one for an extension and denied the request based on the plaintiff's failure to show good cause for missing the deadline. *Id.* The Seventh Circuit noted that such extensions are "routinely granted" and held that, in light of the "serious, if not outrageous and misleading conduct by agency employees," the ALJ deprived the plaintiff of due process by not informing him of the nature of the hearing. *Id.* at 1241, 1244-45.

This case, by contrast, does not involve a request for a "routinely granted" extension, and "good cause" is not a basis for the relief McLachlan sought. Nor has McLachlan alleged that she was the victim of any "outrageous and misleading conduct." Moreover, the ALJ in this case did not change the purpose of the hearing without notice. The hearing was noticed as a hearing on McLachlan's 2005 application, and the hearing proceeded on that basis. Although the ALJ began the decision by stating that the 1998 application would not be reopened, there is no indication that he considered McLachlan's mental capacity in making that decision. He had no reason to do so. SSR 91-5p does not provide separate grounds for reopening a final decision. Thus, the ALJ properly noted SSR 91-5p's inapplicability (as explained above) to the situation before him.

McLachlan was not entitled to a hearing on the issue of reopening. *See Coates v. Bowen*, 875 F.2d 97, 99 (7th Cir. 1989) (*Coates*). Any evidence regarding McLachlan's mental capacity would have been of no apparent relevance, and the ALJ did not deny her right to due process by not inviting her to present that evidence at a hearing regarding her 2005 application.

In sum, McLachlan's claim that her right to due process was violated is not colorable and therefore does not bring this case within this Court's jurisdiction. *Cf. Holloway*, 724 F.2d at 1105 (affirming dismissal of SSA review because a suit may be dismissed for lack of jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

## Constructive Reopening

McLachlan also argues that the ALJ's consideration of certain evidence amounts to a reconsideration of the merits of her 1998 application such that the case was constructively opened. She alleges that the ALJ relied on testimony regarding her condition prior to her 2005 application and upon multiple pieces of documentary medical evidence relating to the period at or before May 2002. McLachlan also notes that the ALJ stated her disability onset date occurred prior to March 17, 2000.

But reopening is "a creature of regulation," and an ALJ has no authority to reopen a case beyond the scope of authority granted under those regulations – even under a theory of constructive reopening. *Coates*, 875 F.2d at 100-01 (holding a claim made beyond the time when a case could be reopened for good cause was a new claim and not a reopening despite ALJ's evaluation of older evidence). In other words, the ALJ had no authority to do constructively what he could not do explicitly.

As discussed above, the only possible grounds by which the final decision regarding McLachlan's 1998 application could be reopened is if McLachlan had pleaded the existence of "fraud or similar fault." This she did not do. McLachlan's Third

11

Amended Complaint identifies every administrative procedure through which McLachlan's 1998 application progressed and makes no allegation that any decision was affected by "fraud or similar fault." In the absence of such an allegation, there was no basis for the ALJ to have reopened the final proceedings related to the 1998 application, and the ALJ's references to pre-2000 evidence cannot be construed as a new determination on the merits of McLachlan's 1998 application.

## CONCLUSION

Because this Court lacks jurisdiction over the subject matter of this dispute, Plaintiff's Complaint is dismissed.

Date: March 4, 2010

JOHN W. DARRAH
United States District Court Judge